IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MICHAEL CRAWFORD**                                                                             **PLAINTIFF**

**V.**                                                       **NO. 1:22-CV-147-DMB-RP**

**EM TRANSPORTATION SERVICES,**
**LLC f/k/a Boral Transportation Services,**
**LLC**                                                            **DEFENDANT**

**ORDER**

On July 20, 2022, Michael Crawford filed a complaint in the Circuit Court of Lowndes County, Mississippi, against EM Transportation Services, LLC f/k/a Boral Transportation Services, LLC, asserting negligence claims arising from a vehicular accident involving Crawford and a tractor trailer operated by a Boral employee. Doc. #2. EM Transportation removed the action to the United States District Court for the Northern District of Mississippi on October 11, 2022, asserting diversity jurisdiction. Doc. #1. Specifically, the notice of removal alleges that Crawford is "an adult resident citizen of the State of Mississippi;" EM Transportation is "incorporated and existing under the laws of the State of Utah, with its principal place of business in the State of Utah;" and "even though [Crawford] does not state a specific amount of damages sought, it is 'facially apparent' that [his] claims could satisfy the 'amount in controversy' … [because] the Complaint clearly alleges that [he] sustained 'multiple tremendous impacts (which) caused significant bodily injury' [and] seeks recovery of not only compensatory but also punitive damages …." *Id.* at 1, 2.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Diversity jurisdiction requires that there be (1) complete diversity

between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all persons on one side of the controversy … be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). To allege the citizenship of a corporation, a party must "set out the principal place of business of the corporation as well as the state of its incorporation." *Id.* at 282. But "[t]he citizenship of an LLC is determined by the citizenship of all its members. So, to establish diversity jurisdiction, a party must specifically allege the citizenship of *every member* of every LLC." *Accadian Diagnostic Laboratories, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) (emphasis added).

Because EM Transportation's name implies it is a limited liability company but the notice of removal alleges a state of incorporation and principal place of business for it, clarity is required regarding EM Transportation's organizational form. To the extent it is a limited liability company, it failed to identify its members and the citizenship of each such that diversity jurisdiction is lacking. To the extent it is a corporation as alleged in the notice of removal, EM Transportation failed to file a corporate disclosure statement as mandated by Local Rule 7(c). Accordingly, within seven (7) days of the entry of this order, EM Transportation must either file a statement of amendment pursuant to 28 U.S.C. § 1653 to properly allege diversity jurisdiction or file the required corporate disclosure statement.

**SO ORDERED**, this 12th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**